## BILLINGS v. BOLLER et al.

No. 16009—Opinion Filed Feb. 16, 1926.

Rehearing Denied March 30, 1926.

(Syllabus.)

1. **Appeal and Error—Questions of Fact— Conclusiveness of Verdict — Liability of Third Party for Inducing Creditor not to File Mechanic's Lien.**

Where the defendant, by letters and oral conversations, intends to and does induce others not to protect themselves to the amount due them for services and labor rendered in the erection of a building, by filing a lien thereon within the time provided by law. and the intended filing of such lien is

forestalled by such letters and conversations, a judgment based upon a verdict of a jury against the defendant for the amount due will not be disturbed by this court, the evidence reasonably tending to support such verdict.

## 2. Same—Judgment Sustained.

The evidence in the instant cause reasonably tends to support the verdict rendered, on a proper instruction given by the trial court. Affirmed.

Error from District Court, Garfield County; Charles Swindall, Judge.

Action by Carl Boller and another against E. M. Billings. Judgment for plaintiffs, and defendant brings error. Affirmed.

John F. Curran, for plaintiff in error.

H. Z. Wedgwood, for defendants in error.

BRANSON, V. C. J. The plaintiffs were architects and supervisors of building construction. They operated under the firm name of Carl Boller & Brother. As individuals, they were Carl Boller and Robert Boller. To recover against the defendant E. M. Billings, they plead that the defendant, in the year 1919 and subsequently thereto, was interested in the erection, along with her son, of a theatre building located in the city of Enid, and that it was upon the assurance of the defendant that the plaintiffs would have no trouble as to receiving their compensation that they did the work as architects and supervisors of the construction of the building in question. While it is not in dispute that the lot on which the theatre building was located was of record in the name of W. S. Billings, son of the defendant, the theory on which plaintiffs sought a recovery against E. M. Billings was that the defendant was interested in the building, and her interest induced her to make the statements, written and oral, on which the plaintiffs relied to their damage in the sum prayed, to wit, the amount of the contract price remaining unpaid. The position of the plaintiffs apparently was, and is, first, that the defendant was interested with her son to the extent even of being engaged in a joint adventure or limited partnership in the erection of the theatre; and second, that while they had the written contract made by the plaintiffs with W. S. Billings, she had purposely stated orally, and communicated with the plaintiffs such assurances as to their receiving the money due them for work, that they were induced thereby not to file any lien upon the building until the time to file the same had expired, and that by reason thereof the defendant should respond to the plaintiffs in the amount due.

As to the first theory, to wit, that of a limited partnership or an interest along with her son in the nature of a joint adventure, the trial court instructed the jury against the plaintiffs. There is no cross-appeal before this court, and the correctness of the trial court's instruction as to that feature of it is not presented for review.

The cause was submitted to the jury, as we view it with only one instruction, under the evidence, which was both oral and documentary, which gave the plaintiffs an opportunity to recover. This instruction was No. 11, as given by the trial court. Herein the jury was advised, in substance, that if they believed from the facts and circumstances in evidence that the defendant, by her acts and conduct, induced the plaintiffs to believe that their claim would be paid in full, and that if the plaintiffs relied upon said representations to their prejudice, and failed on account thereof to file their lien for labor and services performed in the erection of the theatre, and that the defendant willfully induced the plaintiffs to act on the faith of her statements, or if her actions were such that reasonable persons, situated as the plaintiffs were situated, would believe that the defendant meant to assure them that she would see that they were paid, and that the plaintiffs did act upon such representations, and did not file their lien upon the property, and that their action resulted from her conduct to their injury and prejudice to the amount sued for, or any other amount within the limit pleaded by the plaintiffs, then the jury should find in favor of the plaintiffs. As we view this appeal (there being no cross-petition in error), the only question necessary to determine is whether or not there was sufficient evidence that would warrant the jury in reaching the conclusions which said instruction required them to reach, before they could return a verdict against this defendant. We shall not undertake to do this in detail, but only to summarize briefly the history which apparently impelled the plaintiffs to resort to a lawsuit to secure money due them under a contract under which they rendered value in the form of service.

W. S. Billings was the son of the defendant, as stated above. The undertaking was to erect a theatre building in the city of Enid, of the approximate cost of $100,000. The plaintiffs were the architects and supervising builders, requested to make the plans and supervise the construction. The record does not fail to disclose that they were reluctant to do so at the instance of W. S. Billings, and the situation, as it finally

developed, showed that their reluctance was not without justification. The defendant in this action, not unaware that the plaintiffs were reluctant upon the responsibility of W. S. Billings to proceed for him, became very much interested in the building of the theatre. This appears from the undisputed oral testimony, as well as certain letters written by her to the plaintiffs. In one under date of December 19, 1919, after referring at considerable length as to certain features of the building that she desired arranged to her liking, she stated:

"The apartment that would be on the northeast corner, I expect to occupy myself, so if you could design me something a little out of the ordinary, I should be very much pleased. I wish you would send me a sketch of what you will be able to do with that space in the way I have outlined it. Walter (referring to W. S. Billings—our's) is disappointed that he has not received from you an approximate estimate of the cost of the building, as he is anxious to go through with it, providing it will not cost too much. The financial part of it can be arranged here all right, so do not let that delay your specifications and estimate. After that, we would surely like to have you drop in for a last review, etc. Write me just how we shall handle it to the best advantage, providing we decide to go on with it." (Emphasis ours.)

Acting upon this letter, and construing it as the jury evidently found that the plaintiffs did construe it, the work intended by the plaintiffs to be done was initiated and completed. The record discloses that the defendant took as much if not a more active interest in the progress of the work as did the said W. S. Billings. In the conferences had in regard to the same, oral in their nature, the defendant was present. Her suggestions and directions were followed. She placed, during the progress of the building, a mortgage from the said W. S. Billings to herself, of record, in the sum of $45,000. About the time of the completion of the building, for reasons not disclosed in the record, the said W. S. Billings suddenly disappeared from Enid. Knowing of some alleged trouble, the plaintiffs addressed a letter to W. S. Billings, which the defendant secured and answered, in which she stated, in substance, that she was taking up the matter of the accounts against the Billings theatre, and hoped to be able to make the matter satisfactory to all the creditors in a short time. She requested an exact statement of the amount due, winding up the letter: "Don't lose any sleep over what is due you. Every dollar will be paid, as the property is well worth double the in-

debtedness." She was a cross-petitioner in a lien foreclosure, seeking a foreclosure of her mortgage that she claimed on the property, in the sum of $45,000, and which mortgage was in fact foreclosed, she buying in the property at the sum of $39,000. The plaintiffs say that, knowing that she was amply solvent and relying upon her assurances, both written and oral, they did not file their lien upon the property. The trial court advised the jury, if the result of her acts and conduct was such as to lead them to believe that they would receive their money, and to induce them not to take any steps to secure the money due them by filing a lien until the time expired, that she would be liable to them. The jury evidently concluded from the evidence before them that this was the situation.

The rule is well established that if the evidence before the jury reasonably sustains the verdict, the judgment based thereon will not be disturbed by this court. We think that from all the facts before the jury in this action, we are unable to say that the evidence did not reasonably sustain the conclusion reached. The judgment of the trial court is therefore affirmed.

NICHOLSON, C. J., and HARRISON, PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 4 C. J. p. 853 § 2834. (2) 4 C. J. p. 853 § 2834.